**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
aapton@zlk.com
515 South Flower Street
18th and 19th Floors
Los Angeles, CA 90071
Tel: (213) 985-7290

*Attorneys for Lead Plaintiff Movant*
*Omar Abdul-Hameed and [Proposed]*
*Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ABDUL-HAMEED, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SNAP INC., EVAN T. SPIEGEL, and DEREK ANDERSEN,<br><br>Defendants. | No.: 2:25-cv-07844-RGK-RAO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF OMAR ABDUL-HAMEED FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Hon. R. Gary Klausner<br>Date: November 17, 2025<br>Time: 9:00 a.m.<br>Courtroom: #850 |

MEMORANDUM OF POINTS AND AUTHORITIES OF OMAR ABDUL-HAMEED
Case No. 2:25-cv-07844-RGK-RAO

# **TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ................................................................1

II.    STATEMENT OF FACTS.....................................................................2

III.   ARGUMENT ........................................................................................4

   A.    PLAINTIFF'S APPOINTMENT AS LEAD PLAINTIFF IS
       APPROPRIATE.............................................................................4

      1.    The Procedure Required by the PSLRA ...........................4

   B.    Plaintiff Satisfies the Requirements of Rule 23(a) of the Federal
       Rules of Civil Procedure ...........................................................8

   C.    APPROVING PLAINTIFF'S CHOICE OF COUNSEL IS
       APPROPRIATE...........................................................................11

IV.    CONCLUSION ...................................................................................13

# TABLE OF AUHTORITIES

**Cases**

*In re Cavanaugh,*

    306 F.3d 726 (9th Cir. 2002)........................................................2, 7, 8

*Crawford v. Honig,*

    37 F.3d 485 (9th Cir. 1994)..................................................................10

*In re Drexel Burnham Lambert Group,*

    960 F.2d 285 (2d Cir. 1992)..................................................................10

*In re E-Trade Financial Corp.* Securuties Litigation,

    No. 07-cv-8538 (S.D.N.Y.)..................................................................12

*Ferrari v. Gisch,*

    225 F.R.D. 599 (C.D. Cal. 2004) ...........................................................9

*Gen. Tel. Co. of the Southwest v. Falcon,*

    457 U.S. 147 (1982) ...............................................................................10

*Gurevitch v. KeyCorp, et al.,*

    No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ................................13

*Hanlon v. Chrysler Corp.,*

    150 F.3d 1011 (9th Cir. 1998)................................................................9

*Haung v. Acterna Corp.,*

    220 F.R.D. 255 (D. Md. 2004)................................................................9

*Jaramillo v. Dish Network Corporation, et al.*,

No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023) ...................................................13

*Maiden v. Merge Techs., Inc.*,

No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)........7

*Martin v. BioXcel Therapeutics, Inc. et al.*,

No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ....................................................13

*In re Milestone Sci. Sec. Litig.*,

183 F.R.D. 404 (D.N.J. 1998) ...........................................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,

182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................9

*Petersen v. Stem, Inc. et. al.*,

No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ................................................13

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,

No. 1:23-cv-02764 (N.D. Ill. July 11, 2023)...................................................13

*Robidoux v. Celani*,

987 F.2d 931 (2d Cir. 1993).............................................................................9

*Solomon v. Peloton Interactive, Inc. et al.*,

No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ..................................................13

*Takeda v. Turbodyne Techs., Inc.*,

67 F. Supp. 2d. 1129 (C.D. Cal. 1999) .............................................................8

*Thant v. Rain Oncology Inc. et al.*,

    5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ........................................................... 13

*Thant v. Veru, Inc. et al.*,

    No. 1:22-cv-23960 (S.D. Fla. July 27, 2023) .................................................... 13

*In re Tesla Inc. Securities Litigation*,

    No. 3:18-cv-4865 (N.D. Cal.) ............................................................................. 12

*In re U.S. Steel Securities Litigation*,

    No. 2:17-579-CB (W.D. Pa.) .............................................................................. 12

*Villanueva v. Proterra Inc. et al.*,

    No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ................................................... 13

*Weiss v. York Hosp.*,

    745 F.2d 786 (3d Cir. 1984) ......................................................................... 9, 10

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ....................................................................................... *passim*

MEMORANDUM OF POINTS AND AUTHORITIES OF OMAR ABDUL-
HAMEED
Case No. 2:25-cv-07844-RGK-RAO

## I.    PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action lawsuit (the "Action")[1] brought on behalf of all investors who purchased or otherwise acquired Snap, Inc. ("Snap" or the "Company") securities between April 29, 2025, to August 5, 2025, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company, Evan T. Spiegel ("Spiegel"), and Derek Andersen ("Andersen") (collectively, "Defendants").[2]

Plaintiff Omar Abdul-Hameed ("Plaintiff") lost approximately $5,594,523.46 as a result of the alleged fraud during the Class Period. Plaintiff respectfully submits this memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (b) for approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA directs the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing

---

[1] The above-captioned action pending in this Court is entitled *Abdul-Hameed v. Snap, Inc., et al.,* C.A. No. 2:25-cv-07844-RGK-RAO (C.D. Cal. Aug. 21, 2025) (the "*Abdul-Hameed* Action").

[2] The Action alleges violations under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

MEMORANDUM OF POINTS AND AUTHORITIES OF OMAR ABDUL-HAMEED
Case No. 2:25-cv-07844-RGK-RAO

that he is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Plaintiff satisfies both requirements.

Plaintiff believes that he has the largest financial interest in the outcome of the case.[3] As such, Plaintiff meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Plaintiff satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[4]

Accordingly, Plaintiff respectfully submits that he should be appointed Lead Plaintiff. Additionally, Plaintiff's selection of Levi & Korsinsky as Lead Counsel for the proposed class should be approved by this Court.

## II.    STATEMENT OF FACTS[5]

Snap is a technology company best known for Snapchat, a visual messaging application. ¶ 19.

---

[3] Plaintiff's certification identifying his transactions during the Class Period and a chart detailing his losses are attached to the Declaration of Adam M. Apton, dated October 20, 2025 ("Apton Decl."), as Exhibits A, and B, respectively.

[4] The Action excludes from the Class the Defendants, officer and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[5] Citations to "¶_" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Abdul-Hameed* Complaint") filed in the *Abdul-Hameed* Action. The facts set forth in the *Abdul-Hameed* Complaint are incorporated herein by reference.

Snapchat connects brand and direct response advertisers to customers through the Snapchat platform. ¶ 20. Snapchat offers multiple different ad types, integrations, and locations, and provides the ability for entities to bid for more targeted ad placements. *Id.*

The statements in Paragraphs 21 to 24 of the *Abdul-Hameed* Complaint were false and/or materially misleading. ¶ 25. Defendants created the false impression that they possessed reliable information pertaining to the Company's expected advertising revenue and anticipated growth while emphasizing potential macroeconomic instability. *Id.* In truth, Snap's optimistic reports of advertising growth and earnings potential fell short of reality as they relied far too heavily on Snap's ability to execute on its potential; Snap was already experiencing the ramifications of a significant execution error when Defendants' claimed a lack of visibility due to macroeconomic conditions. *Id.*

On August 5, 2025, Defendants released disappointing second quarter, fiscal year 2025 results, disclosing that advertising revenue decelerated significantly in the quarter. ¶ 26.

Defendant Andersen elaborated on the timing and details of the error to the company's advertising auction during the question-and-answer portion that followed. ¶ 27.

The aforementioned press releases and statements made by the Individual Defendants are in direct contrast to statements they made during the April 29, 2025,

MEMORANDUM OF POINTS AND AUTHORITIES OF OMAR ABDUL-
HAMEED
Case No. 2:25-cv-07844-RGK-RAO

3

earnings call. ¶ 28. On that call, Defendants praised their continued growth and promised to stay "focused on continuing to execute for our customers," while deferring guidance on potential macroeconomic risk and alleged reduced visibility. *Id.* Defendants made no mention of an ongoing advertising issue, nor did they suggest the significant degree to which Snap's advertising growth rate had declined in April. *Id.*

Investors and analysts reacted immediately to Snap's revelation. ¶ 29. The price of Snap's common stock declined dramatically. *Id.* From a closing market price of $9.39 per share on August 5, 2025, Snap's stock price fell to $7.78 per share on August 6, 2025, a decline of about 17.15% in the span of just a single day. *Id.*

## III.    ARGUMENT

### A.    PLAINTIFF'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE

#### 1.    The Procedure Required by the PSLRA

Once the Court decides the motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within

MEMORANDUM OF POINTS AND AUTHORITIES OF OMAR ABDUL-HAMEED
Case No. 2:25-cv-07844-RGK-RAO
4

20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Plaintiff satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Therefore, Plaintiff is entitled to the presumption that he is the most adequate plaintiff to represent the

MEMORANDUM OF POINTS AND AUTHORITIES OF OMAR ABDUL-HAMEED

Case No. 2:25-cv-07844-RGK-RAO

5

Class and, as a result, should be appointed lead plaintiff in the Action.

### a. Plaintiff Is Willing to Serve As Class Representative

On August 21, 2025, counsel in the *Abdul-Hameed* Action, Levi & Korsinsky, caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Snap and certain of its officers and directors, and which advised putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the *Abdul-Hameed* Action.[6]

Plaintiff has reviewed the complaint filed in the *Abdul-Hameed* Action and has timely filed his motion pursuant to the Notice.

### b. Plaintiff Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Plaintiff has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff

---

[6] The *Abdul-Hameed* Action was filed in this Court on August 21, 2025. On the same day, the Notice was published over *Globe Newswire*, a widely-circulated national business- oriented wire service. *See* Apton Decl. Ex. C.

status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh*, 306 F.3d at 732).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90 day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Plaintiff purchased Snap securities in reliance upon the materially false and misleading statements issued by defendants, and was injured thereby. During the Class Period, Plaintiff: (1) purchased 2,220,000 shares of Snap stock; (2) expended $14,240,189.93 on his purchases of Snap securities; (3) retained 720,000 shares of Snap securities through the end of the Class Period; and (4) suffered a substantial loss of $5,594,523.46 in connection with his purchases of Snap securities. *See* Apton Decl. Ex. B. Plaintiff thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### B.      Plaintiff Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp.*,

220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Plaintiff satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Plaintiff's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Plaintiff plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the*

*Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Plaintiff's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Plaintiff, like the other Class members, acquired Snap securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other Class members because Plaintiff suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Plaintiff satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.  Plaintiff Will Adequately Represent the Class

Moreover, Plaintiff is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of Plaintiff to whether the interests of Plaintiff are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of Plaintiff and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Plaintiff's interests are clearly aligned with those of the other Class members. Not only is there no evidence of antagonism between Plaintiff's interests and those of the Class, but Plaintiff has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Plaintiff's identical interest with the Class members, demonstrates that he will vigorously pursue the interests of the Class. In addition, Plaintiff has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, Plaintiff has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Plaintiff has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

## C.    APPROVING PLAINTIFF'S CHOICE OF COUNSEL IS APPROPRIATE

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to

MEMORANDUM OF POINTS AND AUTHORITIES OF OMAR ABDUL-HAMEED
Case No. 2:25-cv-07844-RGK-RAO
11

protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Plaintiff has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, are well-qualified to represent the Class, and have worked numerous times to achieve favorable settlements on behalf of shareholders. *See* Apton Decl. Ex. D (Levi & Korsinsky's firm resume, respectively). Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel*

*Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, this Court may be assured that in the event that Plaintiff's Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion and enter an order: (1) appointing Plaintiff as Lead Plaintiff; and (2) approving Levi & Korsinsky as Lead Counsel for the Class.

*[Signature on following page]*

MEMORANDUM OF POINTS AND AUTHORITIES OF OMAR ABDUL-HAMEED
Case No. 2:25-cv-07844-RGK-RAO
13

Dated: October 20, 2025

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
aapton@zlk.com
515 South Flower Street
18th and 19th Floors
Los Angeles, CA 90071
Tel: (213) 985-7290

*Attorneys for Lead Plaintiff Movant Omar
Abdul-Hameed and [Proposed] Lead
Counsel for the Class*

## **CERTIFICATE OF WORD COUNT**

The undersigned, counsel of record for Omar Abdul-Hameed, certifies that this brief contains 2,844 words, which complies with the word limit of L.R. 11-6.1 and Paragraph 6 of this Court's Standing Order Regarding Newly Assigned Cases dated May 2023. Executed on this 20th day of October 2025.

*/s/ Adam M. Apton*
Adam M. Apton

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 515 South Flower Street, 18th and 19th Floors, Los Angeles, CA 90071. I am over the age of eighteen.

On October 20, 2025, I electronically filed the following **MEMORDANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF OMAR ABDUL-HAMEED FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on October 20, 2025.

/s/ Adam M. Apton
Adam M. Apton