Laurence M. Rosen (219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

[*Additional Counsel Listed Below*]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ABDUL-HAMEED, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SNAP INC., EVAN T. SPIEGEL, and DEREK ANDERSEN,<br><br>Defendants. | Case No. 2:25-CV-07844-RGK-RAO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RODNEY PARSONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: R. Gary Klausner<br>HEARING: November 17, 2025<br>TIME: 9:00 a.m.<br>CTRM: 850 |

Rodney Parsons ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all purchasers of Snap, Inc. ("Snap" or the "Company") securities between April 29, 2025, to August 5, 2025, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) appointing The Rosen Law Firm, P.A. ("Rosen Law") and The Schall Law Firm as Lead Counsel for the Class.

## I. PERTINENT BACKGROUND

This action was commenced on August 21, 2025, against Defendants Snap Inc., Evan T. Spiegel, and Derek Andersen (collectively "Defendants") for violations under the Exchange Act. *See* Compl., ECF 1. That same day, an early notice was issued pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as lead plaintiff. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

Defendant Snap is a technology company that operates Snapchat, a visual messaging application. Compl. ¶ 19. Via Snapchat, Snap connects brand and direct response advertisers to customers, offering multiple different ad types, integrations, and locations, and providing the ability for entities to bid for more targeted ad placements. *Id.* ¶ 20.

The Complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendants created the false impression that they possessed reliable information pertaining to the Company's expected advertising revenue and anticipated growth while emphasizing potential macroeconomic instability; (2) in truth, Snap's optimistic

reports of advertising growth and earnings potential fell short of reality as they relied far too heavily on Snap's ability to execute on its potential; and (3) Snap was already experiencing the ramifications of a significant execution error when Defendants' claimed a lack of visibility due to macroeconomic conditions; and (4) as a result, Defendants' public statements were materially false and/or misleading at all relevant times. *Id.* ¶ 25.

Then on August 5, 2025, Defendants released disappointing second quarter, fiscal year 2025 results, disclosing that advertising revenue decelerated significantly in the quarter. *Id.* ¶ 26.

On this news, Snap's stock price fell to $7.78 per share on August 6, 2025, a decline of about 17.15% from the day before. *Id.* ¶ 29.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. *See Id.* ¶ 33.

## ARGUMENT

### II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of the lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as the lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RODNEY PARSONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-07844-RGK- RAO

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant is Willing to Serve as Class Representatives

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certifications, Movant attests that he has reviewed the complaint, adopt the allegations therein, and is willing to serve as representatives of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as the lead plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $867,502.95 in connection with his purchases of Snap securities. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RODNEY PARSONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-07844-RGK- RAO

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about the Company and its business. Movant, as

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RODNEY PARSONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-07844-RGK- RAO

did all of the members of the class, purchased Snap securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interests of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant has 35 years of investing experience. He is a real estate developer, and holds a BA, a BS, and a Bachelor of Education. He resides in Shelbyville, TN.

### III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The

5

Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law and The Schall Law Firm as Co-Lead Counsel. The firms have been actively researching the Class's and Movant's claims, including reviewing publicly available financial and other documents and gathering information in support of the claims against Defendants. Furthermore, the firms have extensive histories bringing significant recoveries to investors and are experienced in securities litigation and class actions, having been appointed as lead and co-lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Rosen Decl., Ex. 4 & Ex. 5.

As a result of the firms' experience in litigation involving issues like those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

### IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law and The Schall Law Firm as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: October 20, 2025            Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RODNEY PARSONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-07844-RGK- RAO

Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Co-Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com

*Counsel for Movant and [Proposed] Co-Lead Counsel for the Class*

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RODNEY PARSONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-07844-RGK- RAO

# CERTIFICATE OF PAGE LIMIT AND WORD COUNT

The undersigned, counsel of record for Rodney Parsons, certifies that this brief contains 1,699 words, which complies with the word limits of L.R. 11-6.1.

Executed on October 20, 2025

/s/ Laurence M. Rosen

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RODNEY PARSONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-07844-RGK- RAO

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows: I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On October 20, 2025, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RODNEY PARSONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on October 20, 2025

/s/ Laurence M. Rosen
Laurence M. Rosen

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RODNEY PARSONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-CV-07844-RGK- RAO