Laurence M. Rosen (219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

[*Additional Counsel Listed Below*]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ABDUL-HAMEED, Individually and on behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SNAP INC., EVAN T. SPIEGEL, and DEREK ANDERSEN, <br><br> Defendants. | Case No. 2:25-CV-07844-RGK-RAO <br><br> **MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTION TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: R. Gary Klausner <br> HEARING: November 17, 2025 <br> TIME: 9:00 a.m. <br> CTRM: 850 |

1

Lead Plaintiff Movant Rodney Parsons ("Movant") respectfully submits this Memorandum of Law in Opposition to Omar Abdul-Hameed's Motion to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel.

## **INTRODUCTION**

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), courts are to appoint as lead plaintiff the movant with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc). Here, two individuals have put forth motions seeking appointment as lead plaintiff: Mr. Parsons and Omar Abdul-Hameed. At first blush, Mr. Abdul-Hameed claims to have lost more money in Snap securities, and would therefore own the greatest financial stake in the outcome of the case. However, Mr. Abdul-Hameed traded primarily in options contracts, thereby making him an atypical investor and an inadequate representative for the class.

As Mr. Abdul-Hameed cannot represent the class for this reason, the only remaining movant is Mr. Parsons, the *de facto* most adequate plaintiff under the PSLRA. Mr. Parsons further satisfies the typicality and adequacy requirements of Rule 23. Because Mr. Parsons maintains an unrebutted presumption that he is the

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTION TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL – Case No. 2:25-CV-07844-RGK- RAO

most adequate plaintiff under the PSLRA, he should be appointed to lead the putative class.

## **ARGUMENT**

**I.  MR. ABDUL-HAMEED TRADED PRIMARILY IN OPTIONS, THEREBY RENDERING HIM INADEQUATE AND ATYPICAL UNDER THE PSLRA**

The presumption in favor of appointing the movant with the greatest financial interest as Lead Plaintiff may be rebutted only upon proof that the presumptively most adequate plaintiff either (a) will not fairly and adequately protect the interests of the class; or (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here Mr. Abdul-Hameed's options trades both render him unable to adequately represent the class and subject him to unique defenses. As such, he is unfit to represent the class, and the presumption in his favor is rebutted.

There is ample authority for the proposition that lead plaintiff movants who trade mostly in options are unfit to represent a putative class. *See Gelt Trading, Ltd. v. Co-Diagnostics, Inc.,* No. 2:20-CV-00368-JNP-DBP, 2021 WL 913934, at *4 (D. Utah Mar. 10, 2021) (collecting cases and holding same); *Patel v. Reata Pharms., Inc.*, 549 F. Supp. 3d 559, 566–67 (E.D. Tex. 2021) (collecting cases and writing that "some courts have held that lead-plaintiff movants are atypical of or

3

inadequate to represent a class largely consisting of common shareholders when a substantial portion of their losses are based on options.")

Mr. Abdul-Hameed is just such a movant. During the Class Period, Mr. Abdul-Hameed transacted in Snap common shares only 13 times, earning a total loss of $1,395,892.24. In contrast, he transacted in Snap options contracts a total of 41 times, earning a total loss of $3,209,169.15. In total, over two thirds of both Mr. Abdul-Hameed's total loss and his transactions came in options, rather than common stock. This places him in a distinctly different – or in other words, atypical – position in comparison to the rest of the putative class. *See e.g. Menashe v. Biogen Inc.,* No. CV 20-10399JVS(KSX), 2021 WL 5533455, at *4 (C.D. Cal. Feb. 24, 2021) (options trading movant will have "some claims that are not typical of those of the class members that merely purchased shares."). He is therefore unfit to represent it.

As the Court in *Patel* suggests by writing "atypical of or inadequate to," whether Mr. Abdul-Hameed's options trading is considered to relate to either his typicality or adequacy, an analysis under either prong would render him unfit to represent the class. *See* 549 F. Supp. 3d at 566-569. The *Patel* Court considered both prongs, and found them both applicable in serial analyses, first holding that the options-trading movant was disqualified by reason of being atypical, and then

writing that "even if the Court were to conclude that [movant] satisfies typicality, thus making him the presumptive lead plaintiff, that presumption would be rebutted because [movant]'s trading practices subject him to 'unique defenses' concerning damages." *Id.* at 568 (citing cases).

The issue of unique defenses is a recurring theme in the opinions of courts considering options-trading movants like Mr. Abdul-Hameed. This issue is not just one of law, but of practicality: even if Mr. Abdul-Hameed were ultimately to defeat any defenses aimed at his options activities, the putative class runs the risk that "the nature of [Mr. Abdul-Hameed]'s options trading and the information he used to make investment decisions could become the focus of the litigation, distracting from the central issue: did [Snap] commit a fraud on the market?". *Applestein v. Medivation Inc,* No. C 10-00998 MHP, 2010 WL 3749406, at *4 (N.D. Cal. Sept. 20, 2010). As the Court in *Cook v. Allergan PLC* noted, "appointing [an] options investor as lead plaintiff very likely 'would introduce factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and ... could subject the class to unique defenses, causing unnecessary conflict.'" No. 18 Civ. 12089, 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019) (quoting *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009)).

5

In sum, because Mr. Abdul-Hameed's options trades both render him unable to adequately represent the class and subject him to unique defenses, he must be disqualified as a potential lead plaintiff for the putative class.

## II.    MR. PARSONS HAS THE GREATEST FINANCIAL INTEREST OF ANY ADEQUATE MOVANT, AND SHOULD THEREFORE BE APPOINTED LEAD PLAINTIFF

As Mr. Abdul-Hameed is unable to adequately represent the class, the remaining analysis is straightforward. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d at 730. Here, Mr. Parsons is the only other movant, and therefore the plaintiff with the next-largest stake by default. As set forth in his opening papers, Mr. Parsons wholly satisfies the requirements of Rule 23, and is willing and able to represent the class. *See* Dkt. No. 19 at *3-5. The presumption under the PSLRA that Mr. Parsons should be appointed lead plaintiff has not been rebutted. Mr. Parsons should therefore be appointed lead plaintiff for the class.

## III.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Rosen

6

Law and The Schall Law Firm as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   October 27, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Co-Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com

*Counsel for Movant and [Proposed]*
*Co-Lead Counsel for the Class*

7

## <u>CERTIFICATE OF PAGE LIMIT AND WORD COUNT</u>

The undersigned, counsel of record for Rodney Parsons, certifies that this brief contains 1,495 words, which complies with the word limits of L.R. 11-6.1.

Executed on October 27, 2025

<u>/s/ Laurence M. Rosen</u>

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTION TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL  – Case No. 2:25-CV-07844-RGK- RAO

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On October 27, 2025, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on October 27, 2025

/s/ Laurence M. Rosen
Laurence M. Rosen