Laurence M. Rosen (219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

[*Additional Counsel Listed Below*]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ABDUL-HAMEED, Individually and on behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SNAP INC., EVAN T. SPIEGEL, and DEREK ANDERSEN, <br><br> Defendants. | Case No. 2:25-CV-07844-RGK-RAO <br><br> **REPLY MEMORANDUM OF RODNEY PARSONS IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: R. Gary Klausner <br> HEARING: November 17, 2025 <br> TIME: 9:00 a.m. <br> CTRM: 850 |

1

REPLY MEMORANDUM OF RODNEY PARSONS IN FURTHER SUPPORT OF LEAD PLAINTIFF
MOTION – Case No. 2:25-CV-07844-RGK- RAO

Of the two movants before the Court, only Mr. Parsons is qualified to represent the putative class. Regardless of the sums that Mr. Abdul-Hameed may have lost through his trading activities, the fact that he traded primarily in options contracts renders him atypical, inadequate, and an inappropriate representative for the class of Snap investors. On the other hand, there has been no suggestion that Mr. Parsons is not qualified to represent the class; indeed, as Mr. Abdul-Hameed cannot represent the class due to the atypical nature of his trades, Mr. Parsons is the only qualified investor left standing.

As such, Mr. Parsons respectfully requests that the Court appoint him as Lead Plaintiff for the putative class and approve his choice of Co-Lead Counsel.

## **ARGUMENT**

**I.   MR. ABDUL-HAMEED IS AN ATYPICAL AND INADEQUATE MOVANT**

As argued in detail in Mr. Parson's opposition (Dkt. No. 24), Mr. Abdul-Hameed's options trades both render him unable to adequately represent the class and subject him to unique defenses. Mr. Abdul-Hameed has not since put forth any evidence that he is not an improper options trader. He therefore should not be appointed as Lead Plaintiff.

Of note is that the wealth of authority previously cited by Mr. Parsons in support of the proposition that options traders are inappropriate lead plaintiffs is not

REPLY MEMORANDUM OF RODNEY PARSONS IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION  – Case No. 2:25-CV-07844-RGK- RAO

the totality of the relevant law; rather, it is just a sampling. Indeed, one court has noted that "[the option holder movant] has failed to identify a single instance in which an option holder was deemed to be an appropriate lead plaintiff for an entire securities fraud class action." *Andrada v. Atherogenics, Inc.*, 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005). While the movant in *Andrada* purchased options exclusively, the rationale against appointing him holds with equal strength against a movant such as Mr. Abdul-Hameed, as the issues unique to options traders "will threaten to become the focus of the litigation," regardless of whether he also purchased some common stock. *Id.*, citing *Weikel v. Tower Semiconducter Ltd.*, 183 F.R.D. 377, 391 (D.N.J.1998); *see also Applestein v. Medivation Inc,* No. C 10-00998 MHP, 2010 WL 3749406, at *4 (N.D. Cal. Sept. 20, 2010).

Perhaps unsurprisingly, caselaw of a more recent vintage remains in agreement that options traders are inadequate and atypical investors. *See e.g. Di Scala v. Proshares Ultra Bloomberg Crude Oil, et al.*, 2020 WL 7698321, at *4 (S.D.N.Y. Jul. 28, 2020) (declining to appoint movant as lead plaintiff whose trades heavily involved options because such trades raised unique, substantial questions that threatened to become the focal point of the litigation). Courts have not yet found a way to square the issues raised by the court in *Cook v. Allergan PLC* – that "appointing [an] options investor as lead plaintiff very likely would introduce

3

REPLY MEMORANDUM OF RODNEY PARSONS IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION  – Case No. 2:25-CV-07844-RGK- RAO

factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and ... could subject the class to unique defenses, causing unnecessary conflict" – with the PSLRA's directive that lead plaintiffs be adequate and typical representatives of a putative class. *Compare* No. 18 Civ. 12089, 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019) (internal citations omitted) *with* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In addition, some Courts have noted that options trades are uniquely difficult to value under the *Lax-Olsten* framework employed by Mr. Abdul-Hameed in his opposition brief (Dkt. No. 25), thereby rendering the reliance on such a framework to choose an options-trading movant as lead plaintiff to be inappropriate. *See Bricklayers of W. Pennsylvania Pension Plan v. Hecla Min. Co.*, No. 2:12-CV-00042-BLW, 2012 WL 2872787, at *4 (D. Idaho July 12, 2012) ("[t]he price and value of a single share of common stock is very different from the price and value of a single call option… therefore, the Court finds that the Olsten–Lax test is not helpful in this case.")

However, this is perhaps beside the point. Regardless of whether or not Mr. Abdul-Hameed has accurately calculated his loss, and irrespective of the magnitude of that loss, he is not an appropriate lead plaintiff under the strictures of Rule 23 and the PSLRA, because his options trades both render him unable to adequately

4

represent the class and subject him to unique defenses. As such, he should be disqualified as a potential lead plaintiff for the putative class, and the mantle of presumptive lead plaintiff should pass to Mr. Parsons.

## II.   MR. PARSONS' ADEQUACY AND TYPICALITY HAS NOT BEEN CHALLENGED

Mr. Parsons, as the movant with the remaining greatest financial interest, is the presumptive lead plaintiff for the putative class. This presumption may be rebutted only upon proof that the he either (a) will not fairly and adequately protect the interests of the class; or (b) is subject to unique defenses that render [him] incapable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, Mr. Abdul-Hameed has not challenged either Mr. Parsons' adequacy or his typicality; rather, he has implicitly conceded that Mr. Parsons is qualified to represent the putative class.

There is no evidence before this Court suggesting that Mr. Parsons would be either an inadequate or atypical representative of the putative class. As such, the presumption under the PSLRA that Mr. Parsons should be appointed lead plaintiff has not been rebutted, and Mr. Parsons should be appointed lead plaintiff for the class.

REPLY MEMORANDUM OF RODNEY PARSONS IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION – Case No. 2:25-CV-07844-RGK- RAO

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his motion in full, and deny Mr. Abdul-Hameed's motion accordingly.


Dated:   November 3, 2025          Respectfully submitted,

                                                  **THE ROSEN LAW FIRM, P.A.**

                                                  /s/ Laurence M. Rosen
                                                  Laurence M. Rosen, Esq. (SBN 219683)
                                                  355 South Grand Avenue, Suite 2450
                                                  Los Angeles, CA 90071
                                                  Telephone: (213) 785-2610
                                                  Facsimile: (213) 226-4684
                                                  Email: lrosen@rosenlegal.com

                                                  *Counsel for Movant and [Proposed]*
                                                  *Co-Lead Counsel for the Class*

                                                  **THE SCHALL LAW FIRM**
                                                  Brian Schall (290685)
                                                  2049 Century Park East, Suite 2460
                                                  Los Angeles, CA 90067
                                                  Telephone: (310) 301-3335
                                                  brian@schallfirm.com

                                                  *Counsel for Movant and [Proposed]*
                                                  *Co-Lead Counsel for the Class*

REPLY MEMORANDUM OF RODNEY PARSONS IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION  – Case No. 2:25-CV-07844-RGK- RAO

## CERTIFICATE OF PAGE LIMIT AND WORD COUNT

The undersigned, counsel of record for Rodney Parsons, certifies that this brief contains 903 words, which complies with the word limits of L.R. 11-6.1.

Executed on November 3, 2025.

/s/ Laurence M. Rosen

REPLY MEMORANDUM OF RODNEY PARSONS IN FURTHER SUPPORT OF LEAD PLAINTIFF
MOTION  – Case No. 2:25-CV-07844-RGK- RAO

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On November 3, 2025, I electronically filed the following **REPLY MEMORANDUM OF RODNEY PARSONS IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on November 3, 2025

/s/ Laurence M. Rosen
Laurence M. Rosen

REPLY MEMORANDUM OF RODNEY PARSONS IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION  – Case No. 2:25-CV-07844-RGK- RAO