**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
aapton@zlk.com
515 South Flower Street
18th and 19th Floors
Los Angeles, CA 90071
Tel: (213) 985-7290

*Attorneys for Lead Plaintiff Movant*
*Omar Abdul-Hameed and [Proposed]*
*Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ABDUL-HAMEED, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SNAP INC., EVAN T. SPIEGEL, and DEREK ANDERSEN, <br><br> Defendants. | No.: 2:25-cv-07844-RGK-RAO <br><br> **OMAR ABDUL-HAMEED'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Judge: Hon. R. Gary Klausner <br> Date: November 17, 2025 <br> Time: 9:00 a.m. <br> Courtroom: #850 |

## **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT........................................................................1

II.     ARGUMENT ...............................................................................................2

    A.    Mr. Abdul-Hameed Is the Presumptive Lead Plaintiff Because He Possesses the Largest Financial Interest in the Litigation and Satisfies Rule 23's Typicality and Adequacy Requirements. ...............................2

    B.    Movant Rodney Parsons Does Not Provide "Proof" that Mr. Abdul-Hameed Is Unable to Represent the Class or Subject to Any Unique Defenses. .................................................................................................5

III.    CONCLUSION ...........................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Applestein v. Medivation, Inc.*,

No. C 10-00998 MHP, 2010 U.S. Dist. LEXIS 98255 (N.D. Cal. Sep. 17,

2010)..............................................................................................................8

*Bridgestone Inv. Corp. v. United States Dist. Court*,

789 F. App'x 13 (9th Cir. 2019) ....................................................................9

*Cook v. Allergan PLC*,

No. 18 Civ. 12089, 2019 U.S. Dist. LEXIS 51962 (S.D.N.Y. Mar. 21, 2019) ..8

*Deutschman v. Beneficial Corp.*,

132 F.R.D. 359, 371 (D. Del. 1990)...............................................................9

*In re Donnkenny Inc., Sec. Litig.*,

171 F.R.D. 156, 156 (S.D.N.Y. 1997) ...........................................................7

*Farooq Khan v. Chargepoint Holdings, Inc.*,

No. 23-cv06172-PCP, 2024 U.S. Dist. LEXIS 88645 (N.D. Cal. May 16, 2024)

..........................................................................................................................6

*Flora v. Hain Celestial Grp., Inc.*,

2017 U.S. Dist. LEXIS 85517 (E.D.N.Y. June 5, 2017) ................................9

*Goldstein v. Puda Coal, Inc.*,

827 F. Supp. 2d 348, 355 (S.D.N.Y. 2011)....................................................6

*Grad v. Ironnet, Inc.*,

No. 1:22-cv-00449 (RDA/JFA), 2022 U.S. Dist. LEXIS 125880 (E.D. Va. July 15, 2022)....................................................................................................1

*Hall v. Medicis Pharm. Corp.*,

No. CV-08-1821-PHX-GMS, 2009 U.S. Dist. LEXIS 24093 (D. Ariz. Mar. 10, 2009)......................................................................................................7

*In re HealthSouth Corp. Sec. Litig.*,

257 F.R.D. 260 (N.D. Ala. 2009)...................................................................7

*Isaacs v. Musk*,

2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018).........................9, 10

*Lako v. Loandepot, Inc.*,

No. 8:21-cv-01449-JLS-JDE, 2022 U.S. Dist. LEXIS 79063 (C.D. Cal. May 2, 2022)....................................................................................................3, 4

*Lowe v. Tandem Diabetes Care Inc.*,

No. 3:23-cv-01657-H-BLM, 2023 U.S. Dist. LEXIS 217226 (S.D. Cal. Dec. 6, 2023)......................................................................................................4

*McIntire v. China MediaExpress Holdings, Inc.*,

38 F. Supp. 3d 415 (S.D.N.Y. 2014)..............................................................6

*Medina v. Clovis Oncology, Inc.*,

No. 15-cv-2546-RM-MEH, 2016 LX 52410 (D. Colo. Feb. 18, 2016).............6

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:25-cv-07844-RGK-RAO

iv

*Mersho v. United States Dist. Court,*

6 F.4th at 899 (9th Cir. 2021)...................................................................................5

*In re Oxford Health Plans, Inc. Sec. Litig.,*

199 F.R.D. 119, 124 (S.D.N.Y. 2001) ....................................................................7

*Patel v. Reata Pharmaceuticals, Inc.,*

549 F. Supp. 3d 559 (E.D. Tex. 2021)....................................................................7

*Peters v. Colony Credit Real Estate,*

No. CV 20-8305 PSG (PVCx), 2020 U.S. Dist. LEXIS 259449 (C.D. Cal. Dec.

11, 2020).................................................................................................................4

*In re Priceline.com Inc. Sec. Litig.,*

236 F.R.D. 89, 100 (D. Conn. 2006)......................................................................9

*In re Ribozyme Pharmaceuticals, Inc. Securities Litigation,*

192 F.R.D. 656, 658 (D. Colo. 2000)......................................................................8

*In re Scientific—Atlanta, Inc. Sec. Litig.,*

571 F.Supp.2d 1315, 1330-31 (N.D. Ga. 2007)....................................................7

*In re Tesla, Inc. Sec. Litig.,*

2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018)..................................6

*In re Tesla, Inc. Sec. Litig.,*

No. 18-cv-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17,

2018).........................................................................................................................9

*Thant v. Rain Oncology Inc.*,

   No. 5:23-cv-03518-EJD, 2023 U.S. Dist. LEXIS 196329 (N.D. Cal. Nov. 1,

   2023)..............................................................................................................5

*Wolfe v. AspenBio Pharma, Inc.*,

   275 F.R.D. 625, 628 (D. Colo. 2011) ...............................................................8

**Statutes**

15 U.S.C. § 78u-4 ...............................................................................*passim*

15 U.S.C. § 78c.................................................................................................1

**Rules**

Fed. R. Civ. P. 23 ...............................................................................*passim*

## I.   PRELIMINARY STATEMENT

Plaintiff Omar Abdul-Hameed is the statutory presumptive lead plaintiff because he possesses the "largest financial interest in the relief sought by the class" and "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii). With over $5.5 million in losses, the only other movant, Rodney Parsons, cannot claim he lost more than Mr. Abdul-Hameed. Furthermore, as the initial plaintiff who commenced this action, Mr. Parsons cannot credibly dispute Mr. Abdul-Hameed's typicality of the class or adequacy to represent it. Indeed, but for Mr. Abdul-Hameed's actions to date, there would be no class to represent in the first place.

Mr. Parsons' only argument against Mr. Abdul-Hameed is that Mr. Abdul-Hameed invested in Snap vis-à-vis common stock and options (with the "options" part making him atypical). The class definition, however, explicitly includes "all investors who purchased or otherwise acquired Snap securities." The term "securities" includes options. *See* 15 U.S.C. § 78c(a)(10) ("The term 'security' means any note, stock, . . . any put, call, straddle, option or privilege on any security[.]"). Moreover, "[w]hen an applicant has incurred losses from both the purchase of common stock and call options, such trading behavior is not atypical of the class when the class seeks recovery for all losses related to the securities of the issuer." *Grad v. Ironnet, Inc.*, No. 1:22-cv-00449 (RDA/JFA), 2022 U.S. Dist.

LEXIS 125880, at *10 (E.D. Va. July 15, 2022). That is the case here where Mr. Abdul-Hameed incurred approximately $1.8 million in losses from transactions in common stock alone.

The majority of cases on this issue hold that investors like Mr. Abdul-Hameed can, and routinely do, serve as lead plaintiffs. No reason exists to deviate from these cases, especially in light of Mr. Abdul-Hameed's investing experience and demonstrated commitment to pursuing this case as the initial named plaintiff.

## II.    ARGUMENT

### A.    Mr. Abdul-Hameed Is the Presumptive Lead Plaintiff Because He Possesses the Largest Financial Interest in the Litigation and Satisfies Rule 23's Typicality and Adequacy Requirements.

The PSLRA provides for a "rebuttable presumption" in favor of the movant with the "largest financial interest in the relief sought by the class" that "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Once triggered, this presumption effectively controls the lead plaintiff selection process. The presumption can be rebutted only upon "proof" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Mr. Abdul-Hameed possesses the "largest financial interest in the relief

sought by the class." He sustained a loss of approximately $5.5 million due to Defendants' alleged wrongful conduct, a fact that Mr. Parsons does not challenge. *See* Dkt. No. 23-3 (Mr. Abdul-Hameed's loss analysis). In comparison, Mr. Parsons lost $867,502.95. *See* Dkt. No. 19-4 (Mr. Parsons loss analysis).

Mr. Abdul-Hameed's motion papers also make the necessary *prima facie* showing of adequacy and typicality. Mr. Abdul-Hameed's claims are typical of those of other Class members because, like other Class members, he acquired Snap securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the action. Moreover, Mr. Abdul-Hameed's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Lako v. Loandepot, Inc.*, No. 8:21-cv-01449-JLS-JDE, 2022 U.S. Dist. LEXIS 79063, at *20 (C.D. Cal. May 2, 2022) ("LaFrano's claims are based on the same legal theory and arise from the same events and course of conduct as the proposed class's claims, and the Court therefore concludes that LaFrano satisfies Rule 23(a)(3)'s typicality requirement.").

Mr. Abdul-Hameed also satisfies Rule 23's adequacy requirement because his interests are clearly aligned with the rest of the Class. *See Lako*, 2022 U.S. Dist. LEXIS 79063, at *20-21. He has no conflicts with other Class Members, nor is there evidence of antagonism between Mr. Abdul-Hameed's interest and those of the Class. Furthermore, Mr. Abdul-Hameed considers himself to be a sophisticated

individual, with a background in engineering and 10 years of managing his own portfolio. Further, in his certification, Mr. Abdul-Hameed states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF No. 23-2 (Mr. Abdul-Hameed's PSLRA Certification) and ECF No. 25 at 8 (Mr. Abdul-Hameed's opposition brief). Mr. Abdul-Hameed's interest in the case combined with his professional and educational background are sufficient to demonstrate adequacy at this stage in the case. *See Lako*, 2022 U.S. Dist. LEXIS 79063, at *20-21 (appointing retired HVAC specialist from New Jersey); *Peters v. Colony Credit Real Estate*, No. CV 20-8305 PSG (PVCx), 2020 U.S. Dist. LEXIS 259449, at *8 (C.D. Cal. Dec. 11, 2020) (adequacy demonstrated where "there [was] no conflict between the interest of CCIG and those of the class because both CCIG and the class seek to recover funds for purchases of Colony Credit common stock made pursuant to the merger").

Mr. Abdul-Hameed's selection of Levi & Korsinsky, LLP as counsel further demonstrates his adequacy to serve as the lead plaintiff. The firm has been appointed to serve as lead counsel numerous times and has recovered hundreds of millions of dollars for investors. *See* ECF No. 23-5 (firm resume). Mr. Abdul-Hameed's selection of skilled counsel underscores his adequacy to represent the class. *See*, *e.g.*, *Lowe v. Tandem Diabetes Care Inc.*, No. 3:23-cv-01657-H-BLM, 2023 U.S. Dist. LEXIS 217226, at *11 (S.D. Cal. Dec. 6, 2023) (noting Levi &

Korsinsky as "well experienced in complex securities class action litigation and can represent the interests of the class"); *Thant v. Rain Oncology Inc.*, No. 5:23-cv-03518-EJD, 2023 U.S. Dist. LEXIS 196329, at *6 (N.D. Cal. Nov. 1, 2023) ("The Court has reviewed [Levi & Korsinsky, LLP's] resume[] and is satisfied with Dr. Thant's selection of counsel.").

### B. Movant Rodney Parsons Does Not Provide "Proof" that Mr. Abdul-Hameed Is Unable to Represent the Class or Subject to Any Unique Defenses.

Mr. Abdul-Hameed filed a timely motion for lead plaintiff, possesses the largest financial interest in the action, and meets the typicality and adequacy requirements of Rule 23. Consequently, he is the "presumptive" lead plaintiff at this stage of the proceedings. *See Mersho v. United States Dist. Court*, 6 F.4th at 899 (9th Cir. 2021). For Mr. Parsons to rebut this presumption, he must adduce "proof" showing that Mr. Abdul-Hameed "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)-(bb)). Mr. Parsons' only argument against Mr. Abdul-Hameed is that he "traded primarily in options contracts, thereby making him an atypical investor and an inadequate representative for the class." *See* ECF No. 24 at 2 (Mr. Parsons' opposition brief).

Like all purported class members in this case, Mr. Abdul-Hameed invested in Snap during the Class Period while the Company's stock price was artificially inflated and suffered injuries based on the same alleged fraudulent conduct. The sole fact that Mr. Abdul-Hameed invested in common stock **and** options does not interfere with typicality. This is because the class definition in this case explicitly includes investors who "purchased or otherwise acquired Snap securities" *See, e.g., Abdul-Hameed* Complaint, No. 2:25-cv-07844-RGK-RAO, Dkt. No. 1, ¶1. "Securities" refers to both common stock and options. *See Farooq Khan v. Chargepoint Holdings, Inc.*, No. 23-cv06172-PCP, 2024 U.S. Dist. LEXIS 88645, at *12 (N.D. Cal. May 16, 2024) ("the class definition expressly includes purchasers of 'securities,' which necessarily encompasses both options and common stock"). Thus, Mr. Abdul-Hameed is typical of his other class members, by definition, and can serve as the lead plaintiff. *See In re Tesla, Inc. Sec. Litig.*, 2018 U.S. Dist. LEXIS 212238, at *9 (N.D. Cal. Dec. 17, 2018) (lead plaintiff was option trader); *Medina v. Clovis Oncology, Inc.*, No. 15-cv-2546-RM-MEH, 2016 LX 52410, at *10-11 (D. Colo. Feb. 18, 2016) ("Although the Arkin Group may have held securities that other members of the class did not, such as options [...] the losses allegedly incurred on those securities are still premised on the same factual allegations and legal theories."); *McIntire v. China MediaExpress Holdings, Inc.*, 38 F. Supp. 3d 415 (S.D.N.Y. 2014) (class definition included put options sellers);

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:25-cv-07844-RGK-RAO

6

*Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 355 (S.D.N.Y. 2011) (appointing a movant that "traded in both common stock and options during the class period"); *In re HealthSouth Corp. Sec. Litig.,* 257 F.R.D. 260 (N.D. Ala. 2009) (class definition included persons who purchased or acquired options); *Hall v. Medicis Pharm. Corp.*, No. CV-08-1821-PHX-GMS, 2009 U.S. Dist. LEXIS 24093, at *13 (D. Ariz. Mar. 10, 2009) ("the Court is reluctant to disqualify Rand simply because he trades in options."); *In re Scientific—Atlanta, Inc. Sec. Litig.*, 571 F.Supp.2d 1315, 1330-31 (N.D. Ga. 2007) (finding an options trader suitable to lead a class in a securities class action); *In re Oxford Health Plans, Inc. Sec. Litig.,* 199 F.R.D. 119, 124 (S.D.N.Y. 2001) (class included put options sellers); *In re Donnkenny Inc., Sec. Litig.*, 171 F.R.D. 156, 156 (S.D.N.Y. 1997) (holding that an options trader who purchased both options *and* common stock was an adequate lead plaintiff).

Mr. Parsons relies heavily on *Patel v. Reata Pharmaceuticals, Inc*., 549 F. Supp. 3d 559 (E.D. Tex. 2021). *See* Dkt. No. 24 at 4. This case is both out of circuit and inapposite. In *Patel*, a lead plaintiff movant was found atypical of the putative class because "his losses arose ***exclusively*** from his options; in fact, Massar profited from his common-stock investments." *Patel*, 549 F. Supp. 3d at 567 (emphasis added). Mr. Abdul-Hameed did ***not*** trade exclusively in options and, as stated previously, sustained significant losses from his transactions in common stock. Thus, Mr. Abdul-Hameed is not similar to the lead plaintiff movant who the court

disqualified in *Patel*. *See id*. ("the fact that Massar's losses during the Class Period were based solely on option contracts renders Massar atypical of the putative class").

Mr. Parsons also relies on *Applestein v. Medivation, Inc.*, No. C 10-00998 MHP, 2010 U.S. Dist. LEXIS 98255 (N.D. Cal. Sep. 17, 2010), and *Cook v. Allergan PLC*, No. 18 Civ. 12089, 2019 U.S. Dist. LEXIS 51962 (S.D.N.Y. Mar. 21, 2019). ECF No. 24 at 5. But these cases are distinguishable for the same reason as *Patel*. The shareholder in *Applestein* "did not own a single share of Medivation stock during the class period. His claimed losses stem primarily from naked-put option contracts . . . ." *Applestein*, 2010 U.S. Dist. LEXIS 98255, at *10-11. Similarly, the shareholder in *Cook* invested in both common stock and options but his stock losses were significantly less than the other competing movants' stock losses. *Cook*, 2019 U.S. Dist. LEXIS 51962, at *4 ($420,000 compared to $750,000).

"Although different plaintiffs may invoke different factual circumstances, typicality is present 'so long as the claims of the class representative and class members are based upon the same legal or remedial theory.'" *See Wolfe v. AspenBio Pharma, Inc.*, 275 F.R.D. 625, 628 (D. Colo. 2011) (quoting *In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 192 F.R.D. 656, 658 (D. Colo. 2000)). Indeed, the notion that Mr. Abdul-Hameed cannot serve as the lead plaintiff for the

class he initially created solely because he traded options runs contrary to the majority of the case law on this issue. *See, e.g.*, *Flora v. Hain Celestial Grp., Inc.*, 2017 U.S. Dist. LEXIS 85517, at *6-7 (E.D.N.Y. June 5, 2017) ("the fact that [co-lead plaintiff movant] only purchased options during the class period does not rebut the presumption in its favor."); *In re Priceline.com Inc. Sec. Litig.*, 236 F.R.D. 89, 100 (D. Conn. 2006) (certifying class representative who "testified that his practice of writing put options was founded upon the integrity of the price of the underlying shares"); *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 371 (D. Del. 1990) (appointing lead plaintiff who purchased only call options to represent class of purchasers of call options and common stock).

*Isaacs v. Musk*, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018), confirms Mr. Abdul-Hameed's point on this issue.[1] In that case, the court appointed an individual investor as the lead plaintiff who sustained the majority of his losses from trading options. The court held: "Some moving parties have criticized Mr.

---

[1] The decision in *Isaacs v. Musk* was affirmed twice, first by the district court in response to a motion for reconsideration, *In re Tesla, Inc. Sec. Litig.*, No. 18-cv-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018), and then again by the Ninth Circuit in response to a petition for a writ of mandamus, *Bridgestone Inv. Corp. v. United States Dist. Court*, 789 F. App'x 13 (9th Cir. 2019).

Littleton because his long position in common stock (as opposed to options) resulted in a relatively small loss compared to others. While this is true, Mr. Littleton sustained a significant loss from his long position in options; the interests of those who held long positions in options and those who held long positions in common stock are ***sufficiently similar*** to render his representation adequate as to both." *Id*. at \*19 (emphasis added). Similarly, while Mr. Abdul-Hameed lost a significant amount of money from options, like Mr. Littleton in *Isaacs v. Musk*, he also sustained losses from purchasing common stock. Therefore, "[Mr. Abdul-Hameed] held interests that cover most of the persons/entities likely to be in the class — *i.e.*, long positions in common stock, long positions in options, and short positions in options — and thus can most adequately represent the class." *Id*. at \*18-19.

## III.    CONCLUSION

For the foregoing reasons, Mr. Abdul-Hameed respectfully requests that the Court grant his Motion and enter an order: (1) appointing Mr. Abdul-Hameed as Lead Plaintiff; (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

***[Signature on following page]***

Dated: November 3, 2025

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

_/s/ Adam M. Apton_
Adam M. Apton (SBN 316506)
aapton@zlk.com
515 South Flower Street
18th and 19th Floors
Los Angeles, CA 90071
Tel: (213) 985-7290

_Lead Counsel for Omar Abdul-Hameed and
[Proposed] Lead Counsel for the Class_

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Omar Abdul-Hameed, certifies that this brief contains 2,264 words, which complies with the word limit of L.R. 11-6.1 and Paragraph 6 of this Court's Standing Order Regarding Newly Assigned Cases dated May 2023. Executed on this 3rd day of November 2025.

/s/ Adam M. Apton
Adam M. Apton

**CERTIFICATE OF SERVICE**

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 515 South Flower Street, 18th and 19th Floors, Los Angeles, CA 90071. I am over the age of eighteen.

On November 3, 2025, I electronically filed the following **OMAR ABDUL-HAMEED'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record. Executed on this 3rd day of November 2025.

*/s/ Adam M. Apton*
Adam M. Apton

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:25-cv-07844-RGK-RAO

13